# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 07mj2782 |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT FOR VIOLATION OF: |
| ~~Brian De La Cruz Flores~~ ) | |
| MARIA Angelica Medel-Tapia ) | 18 U.S.C. § 3144 |
| ) | (Material Witness) |
| Defendant. ) | |

FILED NOV 30 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

The undersigned complainant being duly sworn states:

On or about October 30, 2007, within the Southern District of California, the above named material witness was found in a brown 1994 Ford vehicle bearing license number 3KWZ279 which entered the United States through the Calexico West Port of Entry, and which was driven by **Brian De La Cruz Flores**, and the above named material witness did witness and observe: that she, the material witness, is a citizen of Mexico who had entered the United States illegally and that she had been concealed and transported in the rear of the Ford vehicle. This is evidence that **Brian De La Cruz Flores**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that alien **Maria Angelica Medel-Tapia** had not received prior official authorization to come to, enter and remain in the United States, did bring to the United States said alien and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

The above named witness is a citizen of Mexico with no legal right to enter or to remain in the United States, and has no apparent means, with no legal right to enter or to remain in the United States. Affiant further alleges that her presence is required as a material witness in order to prosecute the case against **Brian De La Cruz Flores**, Case No. 07-CR-3244-DMS.

And the complainant further states that he believes **Maria Angelica Medel-Tapia** is a citizen of a country other than the United States, that said alien is deportable; that her testimony is material to a complaint now pending in the U.S. District Court for the Southern District of California, that it is impracticable to secure her attendance at the trial by subpoena, and therefore, in accordance with Title 18, United States Code, Section 3144, should be held or admitted to bail.

And complainant states that this complaint is based on the attached statement of facts which is incorporated herein by reference.

_____
Gustavo Barreto
Customs and Border Protection Officer

Sworn to before me and subscribed in my presence November 30, 2007.

_____
THE HONORABLE ANTHONY J. BATTAGLIA
United States Magistrate Judge

1  UNITED STATES OF AMERICA
            v.
2  Brian DE LA CRUZ Flores

3                    **STATEMENT OF FACTS**

4
5     The complainant states that this complaint is based upon
6  the reports of the apprehending officers and the investigation
7  conducted by United States Customs & Border Protection
8  Enforcement Officer Izabel Figueroa.
9     On October 30, 2007, at approximately 01:00 P.M., Brian DE
10 LA CRUZ Flores arrived at the Calexico, California, West Port
11 of Entry, as the driver of a 1994 Ford Coutour.
12    During the primary inspection, DE LA CRUZ Flores gave a
13 negative Customs declaration to the primary United States
14 Customs and Border Protection Officer (CBPO) Jesus Burgueno.
15 CBPO Burgueno stated that he had owned the vehicle for
16 approximately four months. DE LA CRUZ Flores also stated that
17 he had purchased the vehicle at an auction. DE LA CRUZ Flores
18 stated that he went to drop off his grandmother in Mexicali,
19 Mexico. CBPO Burgueno noticed that a strong gasoline odor
20 coming from the interior of the vehicle. CBPO Burgueno opted to
21 refer the vehicle into secondary for further inspection.
22    In secondary inspection United States Customs and Border
23 Protection Officer(CBPO) Jose Silva Lopez was approached by DE
24 LA CRUZ Flores in which he received a negative Customs
25 declaration.   CBPO Silva Lopez proceeded to conduct his
26 inspection and noticed an abnormality by the gas tank of the

vehicle. CBPO Silva Lopez then proceeded to look inside the vehicle and noticed that the rear seat was lifted in which he discovered an undocumented alien, later identified as Maria Angelica MEDEL Tapia. MEDEL Tapia was removed from the vehicle. MEDEL Tapia was wet with gasoline and complained of pain in her lower thigh leg area and upper arm. Paramedics were called and medically attended MEDEL Tapia. DE LA CRUZ Flores and MEDEL Tapia were taken to the Port Enforcement Team for further disposition.

DE LA CRUZ Flores was placed under arrest and advised of his rights per Miranda in the English language by United States Customs and Border Protection Enforcement Officer (CBPOE) Izabel Figueroa and witnessed by CBPOE Leticia Casillas. DE LA CRUZ Flores said he understood his rights and would answer questions without an attorney present.

DE LA CRUZ Flores stated he was aware the vehicle he was driving had a person concealed under the rear seat of the vehicle. DE LA CRUZ Flores stated that he had spoken to his neighbor name named "Jose" who had asked him if he wanted to smuggle some people into the United States. DE LA CRUZ Flores stated that he agreed and that he was going to paid $1000 to bring them in. DE LA CRUZ Flores also stated that he was going to drop off the undocumented alien at the Mc Donald's on Imperial Ave in Calexico, CA.

Material Witness Maria Angelica MEDEL Tapia stated that she is a citizen and national of Mexico with no legal entry documents to enter, reside or pass through the United States. MEDEL Tapia stated that she had made the smuggling arrangements with a friend to have her smuggled into the United States illegally. MEDEL Tapia stated she was told that once she crossed she would be told how much she was to pay for being smuggled into the United States and that her final destination was to be Los Angeles, CA were she was to seek employment. When presented with a photo line-up MEDEL Tapia was unable to identify DE LA CRUZ Flores.

Material Witness:
  Name                                    Country of Birth

Maria Angelica MEDEL Tapia               MEXICO

Further, the complainant states that she believes said alien is a citizen of a country other than the United States; that said alien has admitted that she is deportable; that her testimony is material, that it is impracticable to secure her attendance at the trial by subpoena; and she is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.